UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Sadie WOLFF, Salome ESCUDERO TEJEDA, and Carmen OSORIO CORTEZ, | Civil No. |
| PLAINTIFFS, | |
| v. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, | FREEDOM OF INFORMATION ACT |
| DEFENDANT. | |

**COMPLAINT**

Plaintiffs allege as follows:

**JURISDICTION**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the failure of United States Customs and Border Protection to provide plaintiffs with records relevant to written request within statutory time limits.

**VENUE AND JURISDICTION**

2. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B), because plaintiff Sadie Wolff resides in Washington County, Oregon.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331.

4. Plaintiff is deemed to have exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), because all applicable time limit provisions have been exceeded by Defendant.

## PARTIES

5. Plaintiff, Sadie Wolff, is an attorney and member of the Oregon Bar who has requested records from Defendant through the Freedom of Information Act.

6. Plaintiffs, Salome ESCUDERO TEJEDA, and Carmen OSORIO CORTEZ, are nonimmigrants who previously sought admission with valid Border Crossing Cards who have requested records from Defendant through the Freedom of Information Act.

7. The United States Customs and Border Protection ("CBP") is an agency of the United States and maintains the records requested. Defendant CBP has possession of the documents that plaintiffs seek.

## STATEMENT OF FACTS

8. Plaintiff, Sadie Wolff, on December 5, 2023, submitted a request pursuant to the Freedom of Information Act via the SecureRelease Portal (Request Number CBP-FO-2024-028692) to request from the CBP the document that Salome Escudero Tejeda signed on October 17, 2023, at the request of a CBP officer who gave instructions in English (despite Salome not being able to understand English), before the officer confiscated Salome's Border Crossing Card. Plaintiff also requested all available records from the October 17, 2023 entry, and any available records from prior entries.

9. Plaintiff, Sadie Wolff, on December 5, 2023, submitted a FOIA request via the SecureRelease Portal (Request Number CBP-FO-2024-028685) to request from the CBP the document that Carmen Osorio Cortez signed on October 17, 2023, at the request of a CBP officer who gave instructions in English (despite Carmen not being able to understand English), before the officer confiscated Carmen's Border Crossing Card. Plaintiff also requested all

available records from the October 17, 2023 entry, and any available records from prior entries.

10.     On or around February 1, 2024, the Secure Release Portal showed the Request Status as "Initial Determination." Plaintiff emailed the CBP FOIA Public Liaison (cbpfoiapublicliaison@cbp.dhs.gov) to inquire about the meaning of "Initial Determination" status. CBP FOIA Public Liaison replied "Your FOIA request has been received by CBP and will be processed in the order it was received.  Your request status is Initial Determination (in queue for review by the CBP FOIA office).  Once a response is made available, you will be notified electronically by cbpfoia@cbp.dhs.gov.  The CBP FOIA office has a significant backlog of FOIA requests.  The expected response time for a FOIA request for travel documents is 6-9 months.   If you do not receive a response to your FOIA request within 20 business days, please do not resubmit the same FOIA request as it creates further delays."

11.     Defendant asserted "a significant backlog of FOIA requests" but did not otherwise describe any unusual circumstances that would justify the delay in producing the requested records.

12.     On February 6, 2024 Plaintiff received an email from CBPFOIA@cbp.dhs.gov an email "acknowledg[ing] receipt of the FOIA request, received on 12/5/2023" and again indicating that "due to the increasing number of FOIA request received by this office, and a current backlog, it may take 6-9 months to receive a response to your FOIA request."

13.     Plaintiff replied to the above email 6 months later, on August 20, 2024, attaching G-28s signed by Plaintiffs Salome ESCUDERO TEJEDA, and Carmen OSORIO CORTEZ, and requesting a status update or a response to the FOIA request.

14.     Defendant replied to the email on August 20, 2024, indicating "As of 10/12/22 this email address is no longer accepting CBP FOIA request submissions we have transitioned to the use of the SecureRelease portal" and directing further questions about the status of an existing CBP FOIA request to the cbpfoiapublicliaison@cbp.dhs.gov email.

15.     Plaintiff emailed the CBP FOIA Public Liaison on August 21, 2024,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

attaching G-28s signed by Plaintiffs Salome ESCUDERO TEJEDA, and Carmen OSORIO CORTEZ, and the February 6, 2024 email from CBPFOIA@cbp.dhs.gov to request "assistance with obtaining information about the document my clients signed at the border and about why my clients' valid Border Crossing Cards were taken away from them. The FOIA request was received on 12/5/2023; as it has been more than 9 months, I am hoping that you can provide assistance with a status update, or perhaps the information we seek."

16.     The CBP FOIA Public Liaison replied to the August 21, 2024 email the same afternoon, stating "Your FOIA request has been received by CBP and will be processed in the order it was received.  Your request status is Searching for Records.  Once a response is made available, you will be notified electronically by cbpfoia@cbp.dhs.gov." and indicating again "The CBP FOIA office has a significant backlog of FOIA requests.  The expected response time for a FOIA request for travel documents is 6-9 months.   If you do not receive a response to your FOIA request within 20 business days, please do not resubmit the same FOIA request as it creates further delays."

17.     Plaintiff replied to the CBP FOIA Public Liaison email on August 23, 2024 as follows "Thank you for your response. I am grateful the records are currently being searched for. I note the expected response time mentioned below is 6-9 months. We are now past the 9 month mark for our request—do you have a rough idea of a time estimate I could provide my clients? I appreciate that the FOIA division is working very hard to clear the FOIA backlog. Thank you for your tireless work."

18.     Plaintiff did not receive a response.

19.     On August 29, 2024, Plaintiff replied to the above email (sending the reply to the CBP FOIA Public Liaison), attaching the signed Form G-28s, attaching the February 6, 2024 email from CBP indicating receipt of the FOIA request, and asking, "In addition to my question below, where I asked for a rough time estimate, is there a process to request that the FOIA be expedited?  Please find the G-28s for this matter attached, along with the notice for the receipt of the FOIA request."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

20. Plaintiff did not receive a response.

21. On October 15, 2024, Plaintiff replied to the above email sending the reply to the CBP FOIA Public Liaison), attaching the signed Form G-28s, attaching the February 6, 2024 email from CBP indicating receipt of the FOIA request, attaching the February 7, 2024 email from the CBP FOIA Public Liaison indicating the expected response time for a FOIA request is 6-9 months, and stating the following: "I am reaching out to follow up on the request for a rough time estimate for the processing of this FOIA Request. Can you please provide a timeframe for the estimated processing time?  In the past, we were told that the expected response time is 6-9 months (see attached email). It has been 10 months since we submitted our request. We appreciate your diligence in this matter."

22. Plaintiff received a response on October 29, 2024 which did not include a timeframe for the estimated processing time, explanation about the applicability of a specific exception allowing for a delay beyond 30 days, or a determination regarding which records will be produced and which will be held. The response said: "Hello Sadie, Thank you for your email to the U.S. Customs and Border Protection (CBP) Freedom of Information Act (FOIA) Public Liaison mailbox.  We sincerely apologize for the delay. Your FOIA request has been received by CBP and will be processed in the order it was received.  Your request status is Searching for Records.  Once a response is made available, you will be notified electronically by cbpfoia@cbp.dhs.gov.  The CBP FOIA office has a significant backlog of FOIA requests. We are working very hard to clear the FOIA backlog and we thank you in advance for your cooperation.  FOIA Division  U.S. Customs and Border Protection"

23. Plaintiff has received no records responsive to the written FOIA request of October 28, 2024.

## FIRST CLAIM FOR RELIEF

24. Plaintiffs reallege and incorporate paragraphs 1-23 above.

25. The Freedom of Information Act (FOIA) requires agencies of the federal government, upon request, to release information to the public unless one of nine specific

statutory exemptions applies.  5 U.S.C. § 552.

26. Within twenty working days of receiving a FOIA request, Defendant agency CBP must notify Plaintiffs the determination as to which records will be produced and which will be withheld.  5 U.S.C. § 552(a)(6)(A)(i).  Defendant has not complied with this requirement.

27. Although this twenty working day time limit may be extended by ten days if unusual circumstances are present, the FOIA statute requires the Defendant CBP to set the date on which a determination is expected to be dispatched, and such date shall not result in an extension for more than ten working days.  5 U.S.C. § 552(a)(6)(B)(i).  Defendant has not complied with this requirement because it has not set forth the date within the ten additional day period that a determination is expected to be dispatched, and more than ten days has elapsed.

28. FOIA does not permit an agency to delay more than the 30 days without specific exception.  5 U.S.C. § 552(a)(6)(B).  No exception applies here.

29. Defendant is in violation of the FOIA statute because it failed to respond within 30 working days of the requests.  The thirtieth working day for the December 5, 2023 requests was January 19, 2024.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;
2. Find that Defendant has violated the FOIA statute by failing to comply with the applicable time limit provisions;
3. Declare that the Plaintiff shall not be assessed any search or duplication fees due to the failure to comply with the applicable time limit provisions;
4. Enjoin the Defendant from continuing to withhold agency records requested;
5. Order the production of records requested but still withheld from Plaintiff immediately;
6. Award Plaintiff reasonable costs and attorney's fees under 5 U.S.C.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

§ 552(a)(4)(E)(i); and

7. Award such further relief as the Court deems necessary or proper.

DATED this 30th day of October, 2024.

        PARRILLI RENISON LLC

        By /s/ *Brent W. Renison*
            BRENT W. RENISON, OSB No. 964752
            PARRILLI RENISON LLC
            610 SW Broadway Street Suite 505
            Portland, OR 97205
            E-mail: brent@entrylaw.com
            Phone: (503) 780-2223